IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTERNA SECURITIES, INC., <br><br> Defendant. | Civil Action No: 7:25-cv-00012-DC-DTG <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**DEFENDANT ALTERNA SECURITIES, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
CEDAR LANE TECHNOLOGIES INC.'S COMPLAINT**

1. Defendant Alterna Securities, Inc. ("Defendant"), files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Cedar Lane Technology Inc.'s Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Defendant admits the allegations of Paragraph of the Complaint.

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION

4. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Defendant does not contest whether venue is proper in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

## THE '782 PATENT

9. Defendant admits that that the purported copy of U.S. Patent No. 8,577,782 (the "'782 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on April 8, 2010, issued on November 5, 2013, and is entitled "Trading with conditional offers for semi-anonymous participants."

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '782 PATENT

10. Defendant incorporates by reference each of its responses set forth in Paragraphs

1-10 above as if fully set forth herein.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

[PLAINTIFF'S] JURY DEMAND

19. Defendant is not required to provide a response to Plaintiff's request for trial by jury.

[PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-E of Plaintiff's Prayer for Relief.

AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the U.S. Patent No. 8,577,782 ("the Patent-in-Suit").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Patent-in-Suit is invalid for failure to comply with one or more

of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patent-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Patent-in-Suit, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Patent-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Patent-in-Suit against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Patent-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patent-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Defendant comprises "associating one of a plurality of trading entities with an identifier using a processor implemented at least partly in hardware," "acquiring trade history information including a history of trading transactions associated with said identifier using a processor implemented at least partly in hardware" and/or "receiving an offer to buy or to sell a trading item from a liquidity provider based on a profile generated from said trade history information, the profile containing information that indicates whether said trading transactions associated with said trading entity would generate a profit, using a processor implemented at least partly in hardware, said offer being only made to said trading entity associated with said identifier, said offer being processed through an exchange that processes trading transactions for items having a bid/offer spread" as required by claim 1 of the Patent-in-Suit.

## ALTERNA SECURITIES, INC.'S COUNTERCLAIMS

For its counterclaims against Plaintiff Cedar Lane Technologies Inc., Counterclaim Plaintiff Alterna Securities, Inc. ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of Delaware and maintains a principal place of business at 19134 Stone Oak Pkwy, Ste 200, San Antonio, Texas 78258.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Cedar Lane is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

### JURISDICTION

3. Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Cedar Lane has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Cedar Lane's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

#### DECLARATION REGARDING NON-INFRINGEMENT

7. Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8. Based on Cedar Lane's filing of this action and at least Counterclaim Plaintiff's

first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringes U.S. Patent No. 8,577,782 ("Patent-in-Suit").

9. Counterclaim Plaintiff does not infringe at least claim 1 of the '790 Patent because, *inter alia*, the accused system does not comprise "associating one of a plurality of trading entities with an identifier using a processor implemented at least partly in hardware," "acquiring trade history information including a history of trading transactions associated with said identifier using a processor implemented at least partly in hardware" and/or "receiving an offer to buy or to sell a trading item from a liquidity provider based on a profile generated from said trade history information, the profile containing information that indicates whether said trading transactions associated with said trading entity would generate a profit, using a processor implemented at least partly in hardware, said offer being only made to said trading entity associated with said identifier, said offer being processed through an exchange that processes trading transactions for items having a bid/offer spread" as required by claim 1 of the Patent-in-Suit

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the Patent-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### COUNT II

#### DECLARATION REGARDING INVALIDITY

11. Counterclaim Plaintiff incorporates by reference Paragraphs 1–11 above.

12. Based on Cedar Lane's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patent-in-Suit.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

Counterclaim Plaintiff requests a declaration by the Court that the claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Cedar Lane by granting the following relief:

a) a declaration that the Patent-in-Suit are invalid;

b) a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the Patent-in-Suit that may be enforceable;

c) a declaration that Cedar Lane take nothing by its Complaint;

d) judgment against Cedar Lane and in favor of Counterclaim Plaintiff;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

### JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues.

| | |
|---|---|
| Dated: February 12, 2025 | **FISH & RICHARDSON P.C.** |
| | By: */s/ Lance E. Wyatt* <br> Neil J. McNabnay <br> Texas Bar No. 24002583 <br> mcnabnay@fr.com <br> David B. Conrad <br> Texas Bar No. 24049042 <br> conrad@fr.com <br> Lance E. Wyatt <br> Texas Bar No. 24093397 <br> wyatt@fr.com <br> 1717 Main Street, Suite 5000 <br> Dallas, TX 75201 <br> (214) 747-5070 – Telephone <br> (214) 747-2091 – Facsimile |
| | **COUNSEL FOR DEFENDANT ALTERNA SECURITIES, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 12, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Lance E. Wyatt*
Lance E. Wyatt