IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CEDAR LANE TECHNOLOGIES INC.,** | |
| Plaintiff, | Civil Action No: 7:25-cv-00012-DC-DTG |
| v. | PATENT CASE |
| **ALTERNA SECURITIES, INC.,** | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Cedar Lane Technologies Inc. ("Plaintiff" or "Counterclaim Defendant") hereby answers Defendant Alterna Securities, Inc. ("Defendant" or "Counterclaim Plaintiff") Counterclaims as follows:

**PARTIES**

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of Delaware and maintains a principal place of business at 19134 Stone Oak Pkwy, Ste 200, San Antonio, Texas 78258.

ANSWER: Admitted.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Cedar Lane is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

ANSWER: Admitted.

1

## JURISDICTION

3. Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

ANSWER:  Admitted.

5. Cedar Lane has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

ANSWER:  Admitted.

6. Based solely on Cedar Lane's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

ANSWER:  Admitted.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1–6 above.

8. Based on Cedar Lane's filing of this action and at least Counterclaim Plaintiff's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringes U.S. Patent No. 8,577,782 ("Patent-in-Suit").

ANSWER:  Admitted.

9. Counterclaim Plaintiff does not infringe at least claim 1 of the '790 Patent

because, inter alia, the accused system does not comprise "associating one of a plurality of trading entities with an identifier using a processor implemented at least partly in hardware," "acquiring trade history information including a history of trading transactions associated with said identifier using a processor implemented at least partly in hardware" and/or "receiving an offer to buy or to sell a trading item from a liquidity provider based on a profile generated from said trade history information, the profile containing information that indicates whether said trading transactions associated with said trading entity would generate a profit, using a processor implemented at least partly in hardware, said offer being only made to said trading entity associated with said identifier, said offer being processed through an exchange that processes trading transactions for items having a bid/offer spread" as required by claim 1 of the Patent-in-Suit.

ANSWER:  Denied.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the Patent-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

ANSWER:  Admitted that Counterclaim Plaintiff requests a declaration, the rest is denied.

### COUNT II DECLARATION REGARDING INVALIDITY

11. Counterclaim Plaintiff incorporates by reference Paragraphs 1–11 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1-11 above.

12. Based on Cedar Lane's filing of this action and at least Counterclaim Plaintiff's

Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patent-in-Suit.

ANSWER:  Admitted.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

ANSWER:  Admitted that Counterclaim Plaintiff requests a declaration, the rest is denied.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Cedar Lane by granting the following relief:

a) a declaration that the Patent-in-Suit are invalid;

b) a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the Patent-in-Suit that may be enforceable;

c) a declaration that Cedar Lane take nothing by its Complaint;

d) judgment against Cedar Lane and in favor of Counterclaim Plaintiff;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

ANSWER:  Denied.

**JURY DEMAND**

Counterclaim Plaintiff hereby demands trial by jury on all issues.

ANSWER:  No answer is required.

Dated: March 4, 2025                             Respectfully submitted,

*Isaac Rabicoff*
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com
**Counsel for Plaintiff**
**Cedar Lane TechnologiesInc.**

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on March 4, 2025, with a copy of this document via the Court's CM/ECF system

                                  /s/ *Isaac Rabicoff*
                                  Isaac Rabicoff